| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF CALIFORNIA | |

**RAFAEL DE LIMA MARQUES,**

Plaintiff,

v.

**UNITED STATES POSTAL SERVICE,**

Defendant.

Case No.: 3:18-cv-02392-AJB-NLS

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

**[ECF No. 2]**

Before the Court is plaintiff Rafael De Lima Marques's ("Plaintiff") motion for appointment of counsel. ECF No. 2. Plaintiff is proceeding *pro se* and has filed a civil complaint relating to the damage of an item he shipped from San Diego, California, to Cincinnati, Ohio. *See* ECF No. 32.

**I. BACKGROUND**

Although Plaintiff failed to fill out the section of his complaint entitled, "Statement of Claim," the Court will liberally construe the pleading and look to the exhibits provided to decipher the claim. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (pro se pleadings are liberally construed). In the demand letter attached to the

complaint, which previously had been sent to the United States Postal Service's ("Defendant") legal department, Plaintiff contends that on July 20, 2018, he sent a $3,310.38 rig[1] via Defendant, for which he purchased insurance and tracking for $144.07. ECF No. 1-2 at 31. Plaintiff claims the rig arrived to its destination damaged, and sought reimbursement. *Id.* Plaintiff's initial formal grievance was denied; he then appealed said denial to the intermediate level of administrative appeal and the final level of appeal, both of which upheld the initial decision to deny his claim. *Id.* at 40-41, 43. This action follows, wherein the Plaintiff requests "the court to order the defendant to reimburse me for the damaged item." *Id.* at 3.

## II.  PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff asks this Court to appoint counsel from the Court's pro bono panel. ECF No. 2. However, he left blank the section of the request form entitled, "I need appointed counsel to assist me because (describe below)[.]" *Id.* at 3. Elsewhere in the motion Plaintiff states that he is not presently employed, has $500 in bank accounts, owes $8,000 on his car, and pays $1,350 in living expenses.[2] *Id.* at 4-6. Other than having contacted one attorney in October by phone (*Id.* at 2), Plaintiff provides no reasoning other than his financial situation as to why he is entitled to appointed counsel.

## III.  DISCUSSION

### A. Legal Standard

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). In *pro se* and *in forma pauperis*[3] proceedings, district courts do not have the authority

---

[1] Here, the Court infers from the Plaintiff's attachments of computer parts receipts that the "rig" at issue refers to a computer system built to mine crypto-currency. *See* ECF No. 1-2 at 14-30.
[2] Which includes rent, school, utilities, and his phone bill. ECF No. 2 at 6.
[3] In his request for appointment of counsel, Plaintiff states that he has "been granted, or h[as] applied for, permission to proceed in forma pauperis." ECF No. 2 at 1. However, no such motion has been filed with this Court, and the docket reflects Plaintiff paid the filing fee on the date he filed his complaint. ECF No. 1-3.

"to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). But, they do have discretion to request that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Finding exceptional circumstances entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

**B. Likelihood of Success on the Merits**

Plaintiff's request for appointment of counsel does not address his likelihood of success on the merits, nor does it make any argument other than financial need. Bald assertions that claims are meritorious without any supporting evidence fail to satisfy the first factor of the *Wilborn* test. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (concluding that the likelihood of success was not shown where the plaintiff did not present any evidence other than his own assertions to support his claims). More is required to demonstrate the likelihood of success. Without any evidence supporting a likelihood of success on the merits, Plaintiff has not satisfied the first *Wilborn* factor.

**C.     Plaintiff's Ability to Articulate His Claims**

Where a *pro se* civil rights plaintiff shows he has a good grasp of basic litigation procedure and has been able to adequately articulate his claims, he does not demonstrate exceptional circumstances to warrant appointing counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The Court has reviewed Plaintiff's complaint, which is almost completely blank but attaches the demand

3

3:18-cv-02392-AJB-NLS

"to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). But, they do have discretion to request that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Finding exceptional circumstances entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

**B. Likelihood of Success on the Merits**

Plaintiff's request for appointment of counsel does not address his likelihood of success on the merits, nor does it make any argument other than financial need. Bald assertions that claims are meritorious without any supporting evidence fail to satisfy the first factor of the *Wilborn* test. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (concluding that the likelihood of success was not shown where the plaintiff did not present any evidence other than his own assertions to support his claims). More is required to demonstrate the likelihood of success. Without any evidence supporting a likelihood of success on the merits, Plaintiff has not satisfied the first *Wilborn* factor.

**C.     Plaintiff's Ability to Articulate His Claims**

Where a *pro se* civil rights plaintiff shows he has a good grasp of basic litigation procedure and has been able to adequately articulate his claims, he does not demonstrate exceptional circumstances to warrant appointing counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The Court has reviewed Plaintiff's complaint, which is almost completely blank but attaches the demand

letter submitted to Defendant. Reviewing Plaintiff's demand letter, the Court understands Plaintiff's claims and the relief sought, and finds that the issues he raises are not complex. His demand letter is articulate, organized, and makes an argument for breach of contract. *See* ECF No. 1-2 at 31-32; *see also Palmer*, 560 F.3d at 970 (plaintiff did not satisfy exceptional circumstances, in part because he was "organized, made clear points, and presented the evidence effectively".)

The Court finds that Plaintiff is sufficiently able to articulate his claims *pro se* given the straightforward nature of the issue involved, leaving the second *Wilborn* factor unsatisfied.

### IV. CONCLUSION

For the foregoing reasons, the Court thus does not find the "exceptional circumstances" required for appointment of counsel under 28 U.S.C. § 1915(e)(1). Accordingly, Plaintiff's request for appointment of counsel is **DENIED.**

**IT IS SO ORDERED**.

Dated: November 16, 2018

_____
Hon. Nita L. Stormes
United States Magistrate Judge