| | |
|---|---|
| RAFAEL DE LIMA MARQUES,<br><br>                    Plaintiff,<br>v.<br>UNITED STATES POSTAL SERVICE,<br><br>                    Defendant. | Case No.: 18-CV-02392-AJB-NLS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**(Doc. No. 8)** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Before the Court is Defendant United States Postal Service's motion to dismiss Plaintiff Rafael de Lima Marques's Complaint under Rules 4, 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 8.) Having reviewed the parties' arguments and controlling legal authority, and pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for decision on the papers without oral argument. Accordingly, the **July 11, 2019** motion hearing is hereby **VACATED**. For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss.

## I. BACKGROUND

Although Plaintiff failed to fill out the section of his complaint entitled, "Statement of Claim," the Court has liberally construed the pleadings and looked to the exhibits provided to decipher the claim. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Balistreri v.*

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (pro se pleadings are liberally construed). The following facts are taken from the Complaint and attached exhibits. They are construed as true for the limited purpose of resolving the instant motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

In a demand letter attached to the Complaint, which had been sent to Defendant's legal department prior to commencement of this action, Plaintiff contends that on July 20, 2018, he shipped a rig[1] valued at $3,310.38 through Defendant's services. (Doc. No. 1-2 at 31.) Plaintiff purchased postage, insurance for the contents of the package, and tracking services for a total of $144.07 from Defendant. (*Id.*) Plaintiff claims that the rig arrived at its destination in a damaged condition, so he sought reimbursement from Defendant. (*Id.*)

Plaintiff filed an insurance claim with USPS. (*Id.*) Defendant instructed Plaintiff to "present the item(s) and mailing container including the wrapping, packaging, and any other contents received, along with this letter, to a Post Office for inspection within 20 days." (Doc. No. 1-2 at 39.) Further, that "[i]f this evidence of damage is not available for inspection, [Plaintiff's] claim may be denied." (*Id.*) Plaintiff delivered the rig to Defendant for inspection in furtherance of his insurance claim. (Doc. No. 1-2 at 31.) Defendant denied Plaintiff's claim. (*Id.* at 40.) As grounds for the denial, Defendant cited "failure to present the article, mailing container and all packaging to the Post Office for inspection as requested." (*Id.*)

Plaintiff subsequently appealed. Defendant's claims division in St. Louis, Missouri upheld the prior decision to deny Plaintiff's claim. (Doc. No. 1-2 at 41.) The letter states that USPS did not have an opportunity to inspect the package in which the rig was shipped, and that Plaintiff provided insufficient proof of value. (*Id.*) Defendant's Consumer Advocate Office in Washington D.C. upheld the decision of the St. Louis office. (*Id.* at 43.)

---

[1] The Court infers from Plaintiff's attachment of computer parts receipts and additional correspondence that the "rig" Plaintiff refers to is a computer system built to mine crypto-currency. (*See* Doc. No. 1-2 at 9–28.)

2

Plaintiff filed this action and requests "the court to order the defendant to reimburse me for the damaged item." (Doc. No. 1 at 3.)

The Court issued notice of a hearing for dismissal for want of prosecution pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because Plaintiff had not served Defendant with notice of this action. (Doc. No. 5.) Plaintiff then served Defendant and filed proof of service with the Court. (Doc. No. 6.) The Court subsequently vacated the dismissal hearing. (Doc. No. 7.) Defendant then filed the instant motion to dismiss. (Doc. No. 8.)

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation and internal quotation marks omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . . ." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleading than

litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted); *see Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds*, *Lopez*, 203 F.3d at 1126–30 (9th Cir. 2000). Thus, the Supreme Court has held that federal courts should liberally construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

Therefore, the Court will liberally construe this Plaintiff's legal claims when considering whether the complaint should be dismissed. However, pro se plaintiffs are expected to follow "the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."). Thus, failure to meet procedural requirements will receive less latitude.

### III.   DISCUSSION

Defendant requests dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and Fed. R. Civ. P. 4 for failure of service. The Court discusses each in turn below.

#### A.   Lack of Subject Matter Jurisdiction

The United States is immune from lawsuits except for in cases where it has consented, by statute, to being sued. *See United States v. Dalm*, 494 U.S. 596, 608 (1990). The Supreme Court has held that "[j]urisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity together with a claim falling within the terms of the waiver. The terms of consent to be sued may not be inferred, but must be 'unequivocally expressed.'" *United States v. White Mt. Apache Tribe*, 537 U.S. 465, 472 (2003) (internal citations omitted).

"The district courts shall have original jurisdiction of any civil action arising under

4

any Act of Congress relating to the postal service."[2] 28 U.S.C. § 1339. The Postal Reorganization Act ("PRA") grants the USPS the general power "to sue and be sued in its official name." 39 U.S.C. § 401. Plaintiff has the burden of proof to establish the Court's subject matter jurisdiction over his claim. *See Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). Although Plaintiff has made no attempt to prove jurisdiction in his claim, the Court has liberally construed his pleadings to search for a source of jurisdiction based on a waiver of sovereign immunity by the United States.

### 1.     *Tort Claim Theory*

The first such source of subject matter jurisdiction could potentially lie in the Federal Torts Claim Act ("FTCA"). *See* 28 U.S.C. § 2671 *et seq*. The general "sue and be sued" power granted to the USPS by the PRA is subject to the FTCA. *See* 39 U.S.C. § 401(c); *see also Kennedy v. United States Postal Serv.*, 145 F.3d 1077 (9th Cir. 1998). The FTCA waives immunity for certain claims including injury or loss of personal property caused by negligent or wrongful acts or omissions by federal agencies and their employees. 28 U.S.C. § 2672. However, the FTCA specifically excludes "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter" from the types of lawsuits that can be brought. 28 U.S.C. § 2680(b). As such, there is no jurisdiction for the Court to consider Plaintiff's claim under a theory that Defendant negligently transmitted Plaintiff's postal matter.

### 2.     *Breach of Contract Theory*

The Court can also liberally construe the Complaint to theorize that Plaintiff intends to bring a contract claim; that Defendant has breached a contract to compensate Plaintiff for damaged postal matter. The Contract Disputes Act ("CDA") allows the United States to be sued for certain contract disputes. *See* 41 U.S.C. § 7101 *et seq*. However, the CDA only applies to contract claims involving procurement by the United States and certain

---

[2] Civil actions brought under 28 U.S.C. § 1339 "require[] an independent statutory basis of jurisdiction." *O'Connor v. Yezukevicz*, 589 F.2d 16, 18 (1st Cir. 1978).

other specific categories of contracts unrelated to the insurance of mail. *See* 41 U.S.C. § 7102; *see also Tritz v. United States Postal Serv.*, 721 F.3d 1133 (9th Cir. 2013). Contracts for an entity of the federal government to provide services, rather than procure them, do not fall within the CDA. *Rider v. United States*, 7 Cl. Ct. 770, 775 (Cl. Ct. 1985), *aff'd*, 790 F.2d 91 (Fed. Cir. 1986).

The United States Court of Appeals for the Ninth Circuit has held that "[t]he plain language of [39 U.S.C. § 409(a)] grants district courts jurisdiction over contract actions against the Postal Service." *Tritz*, 721 F.3d at 1138 (citing *Flamingo Indus. (USA) Ltd. v. U.S. Postal Serv.*, 302 F.3d 985, 995 (9th Cir. 2002), *reversed on other grounds*, 540 U.S. 736, 124 S. Ct. 1321, 158 L. Ed. 2d 19 (2004), *on remand*, 366 F.3d 789; *Wright v. U.S. Postal Serv.*, 29 F.3d 1426, 1430 (9th Cir. 1994)). The Court further held that the PRA is an independent source of subject matter jurisdiction by which a district court may hear a contract claim against the USPS if the claim does not fall within the CDA. *Id.* at 1139.

In the demand letter Plaintiff attached to the Complaint, he asserts that: (1) it is Defendant's obligation to get the package safely to its destination, (2) Plaintiff sent the package with insurance, and (3) that Plaintiff has a right to be reimbursed. (Doc. No. 1-2 at 32.) The Court does not find it unreasonable to liberally construe these points, in light of Plaintiff's pro se status, to mean that Plaintiff intends to bring a breach of contract claim against Defendant. Such a contract claim would not be governed by the CDA. Based on the PRA, there is an independent basis of subject matter jurisdiction by which the Court may consider Plaintiff's claim under a breach of contract theory.

While the Court may hear certain contract disputes against the USPS, the Court's ability to review the administrative decisions of federal agencies is not unlimited. The scope of the Court's review in a case challenging agency action is governed by the Administrative Procedure Act. 5 U.S.C. § 701 *et seq*; *see, e.g.*, *Barton v. United States Postal Serv.*, 615 F. Supp. 2d 790, 794 (N.D. Ind. 2009). "The reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ."

5 U.S.C. § 706. The "arbitrary and capricious" standard requires that the Court refrain from overruling a decision made by a federal agency that is reasonably supported by facts. *Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc.*, 419 U.S. 281, 285–86 (1974).

In sum, efforts by the Court to liberally construe Plaintiff's pleadings reveal potential claims in tort law and contract law. To the extent that Plaintiff intends to bring a tort claim against the USPS—that is a claim that Defendant negligently transported Plaintiff's postal matter—the Court has no subject matter jurisdiction. Therefore, with respect to Plaintiff's tort claim under the FTCA, Defendant's motion to dismiss is **GRANTED** without leave to amend. However, in finding the potential for subject matter jurisdiction over Plaintiff's contract claim through the PRA, the Court further considers Defendant's motion to dismiss.

### B. Failure to State a Claim

In seeking to commence a civil action by filing a complaint with the Court, the Federal Rules of Civil Procedure require that a plaintiff include a short and plain statement of the court's jurisdiction, a short and plain statement of the claim, and a demand for the relief sought. Fed. R. Civ. P. 8(a). A plaintiff must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Defendant is correct that in the Complaint, "Plaintiff literally states no claim." (Doc. No. 8-1 at 4, 14 (referencing Doc. No. 1 at 1-2).) Even so, the Court has liberally construed the pleadings and looked to the exhibits provided to decipher the claim.

In the attached demand letter, Plaintiff acknowledges that Defendant informed him that the postal insurance claim was denied because Plaintiff had not complied with instructions to present the damaged item and packaging to the Post Office. (Doc. No. 1-2 at 31.) Plaintiff subsequently states, "[a]s a consumer, I have the right to be reimbursed." (*Id.*) However, Plaintiff cites no facts or authority to support a contention that he is entitled to any additional relief beyond the claim and appeal process afforded to him by Defendant, as outlined in Plaintiff's exhibits. (*See* Doc. No. 1-2 at 39–43.)

In construing Plaintiff's pleadings to form a breach of contract claim, facts are alleged that indicate Plaintiff paid money in exchange for Defendant's promise to insure

7

the contents of the package he shipped. (*See* Doc. No. 1-2 at 2.) However, Plaintiff fails to plead any facts regarding the terms of the contract with Defendant, his performance of obligations, or facts to support the necessary contention that Defendant's denial of Plaintiff's claim was arbitrary and capricious. A mere legal conclusion that Plaintiff purchased insurance and now Defendant is bound to reimbursement him is insufficient. *See Assoc. Gen. Contractors*, 459 U.S. at 526 (holding that it is improper for a court to assume that a plaintiff can prove facts not alleged).

Further, in the section of the Complaint where Plaintiff describes the relief he is seeking, he merely states, "I want the court to order the defendant to reimburse me for the damaged item." (Doc. No. 1 at 3.) Plaintiff includes no evidence that indicates a loss of the total value of the items he shipped. The Court is not able to simply assume that Plaintiff's actual loss is equal to the retail value of the items he shipped or that a contract exists with Defendant by which Plaintiff is entitled to the full amount that he initially paid. Thus, Plaintiff has not sufficiently demonstrated a plausible claim that full reimbursement is the proper remedy in this case.

As a defense to a civil action, Rule 12(b)(6) includes two important elements: (1) "failure to state a claim," and (2) "upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court agrees with Defendant that Plaintiff has not sufficiently stated his claim, nor has he demonstrated that he is plausibly entitled to relief.

**C. Failure of Service**

Rule 4(m) of the Federal Rules of Civil Procedure, in describing the requirements for service of notice and complaints on defendants in civil actions, states that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff was initially required to serve Defendant with notice and the Complaint by January

16, 2019.[3] On January 24, 2019, the Court issued notice of a dismissal for want of prosecution hearing scheduled for February 21, 2019. (Doc. No. 5.) The Court vacated that hearing on February 15, 2019 after receiving proof that Plaintiff served Defendant on February 4, 2019. (Docs. No. 6, 7.) By vacating the dismissal hearing, the Court implicitly extended Plaintiff's service deadline in light of his pro se status.

The issue with Plaintiff's service of the Complaint lies not in the date served, but rather to whom it was served. Rule 4(i) further sets out specific requirements for serving an agency of the United States. Fed. R. Civ. P. 4(i)(3). The rule requires that "a party must serve the United States[4] and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." *Id*. Plaintiff's service of process, having been directed only to the USPS and not the United States, is insufficient under the Federal Rules of Civil Procedure.

Defendant's argument regarding Plaintiff's service of process is problematic in that it focuses solely on claims arising under the FTCA. However, given the insufficiencies of Plaintiff's Complaint, Defendant was forced to make inferences as to the nature of the claim. While Defendant is correct that the United States is the only proper defendant in an FTCA action, (Doc. No. 8-1 at 5, 12), the PRA is an independent source of subject matter jurisdiction for a district court to hear a contract claim against the USPS. *Tritz*, 721 F.3d at 1138. FTCA and CDA claims aside, civil claims against the United States can generally be brought within six years from the time the right of action first accrues. 28 U.S.C. § 2401. The Court disagrees with Defendant's argument that no possibility exists by which Plaintiff could properly notice the United States and other pertinent parties of his claim.

While Plaintiff's pro se Complaint is lacking in its statement of the claim and its service upon the United States, the Court has liberally construed the pleadings and finds

---

[3] January 16, 2019, is 90 days after October 18, 2018, when Plaintiff filed the Complaint. (*See* Doc. No. 1.)

[4] The requirements for serving the United States are outlined in Fed. R. Civ. P. 4(i)(1).

9

the potential for subject matter jurisdiction over the claim. However, Plaintiff has failed to properly state a claim pursuant to Fed. R. Civ. P. 8(a). Plaintiff has also failed to properly effectuate service of the Complaint as required by Fed. R. Civ. P. 4(i). Therefore, Defendant's motion to dismiss is **GRANTED**.

## IV. LEAVE TO AMEND

Although leave to amend is typically freely given under Federal Rule of Civil Procedure 15(a), the Court finds that amendment, in this case, would be futile. Plaintiff has attached his proof of insurance receipt to the Complaint. (Doc. No. 1-2 at 2.) The receipt includes the following text: "Save this receipt as evidence of insurance. For information on filing an insurance claim go to https://www.usps.com/help/claims.htm." (*Id*.) Upon visiting the printed web address, Defendant's website displays information about filing an insurance claim. *File a Claim*, USPS, https://www.usps.com/help/claims.htm (last visited June 7, 2019). One of the instructions on that page is, "If you received something damaged, please hang onto the original packaging and the damaged item until your claim is settled." *Id*. There is also a note that reads: "**NOTE:** These instructions do not contain the text of the Postal Regulations in the DMM® on insurance claims. The Postal Service™ reserves its rights under the regulations to require strict compliance with the DMM." *Id*. Following the note is a link to the pertinent section of the Domestic Mail Manual ("DMM"). *Id*.

The DMM states that, "[i]f a claim is filed because some or all of the contents are missing or damaged, the addressee must retain the mailing container, including any damaged articles, all packaging, and any contents received. *See* United States Postal Service, Domestic Mail Manual, § 609.2.0, https://pe.usps.com/text/dmm300/609.htm. The United States District Court for the Northern District of California has addressed the weight and applicability of the DMM as follows:

> Furthermore, traditional contract doctrine does not apply to postal insurance because the "postal insurance regulations are promulgated pursuant to statutory authority, and therefore have the force and effect of law." *Ridgway Hatcheries, Inc. v. United States*, 278 F. Supp. 441, 443 (N.D. OH. 1968). The postal regulations are published in the United States Postal Service's Domestic

10

18-CV-02392-AJB-NLS

Mail Manual (DMM). Because the DMM is incorporated by reference in the Code of Federal Regulations, it is deemed published in the Federal Register, 39 C.F.R. P 111.1, and a plaintiff is presumed to have notice of the DMM's contents. *Gelbfish v. United States Postal Service*, 51 F. Supp. 2d 252, 254 (E.D. N.Y. 1999) (citations omitted).

*Jamil v. United States Postal Serv.*, No. C 05-5121 RS, 2006 WL 988825, 2006 U.S. Dist. LEXIS 98387, at *5 (N.D. Cal. Apr. 14, 2006).

Plaintiff indicates in correspondence between himself and Defendant that he no longer has the package that Defendant requested. (Doc. No. 1-2 at 30.) Plaintiff is presumed to have notice of DMM section 609.2.0 which requires him to retain the mailing container for a damage claim. *See Gelbfish*, 51 F. Supp. 2d at 254 (citations omitted). The Court cannot agree with a contention that Defendant's process, findings, and final decision in this case were arbitrary or capricious as would be required to set aside the agency's decision. *See* 5 U.S.C. § 706. Thus, based on this finding that would render amendment of the Complaint futile, the Court **DENIES** Plaintiff leave to amend.

## V.  CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED** (Doc. No. 8), and Plaintiff's Complaint is **DISMISSED** without leave to amend. (Doc. No. 1).

**IT IS SO ORDERED.**

Dated: June 25, 2019

Hon. Anthony J. Battaglia
United States District Judge